IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Civil No: 5:11-CV-185

| | |
|---|---|
| PAULA B. POPE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CONSENT PROTECTIVE ORDER |
| ) | |
| BLUE RIDGE ELECTRIC ) | |
| MEMBERSHIP CORPORATION, ) | |
| ) | |
| Defendant. ) | |

_____

This matter has come before the Court on the Parties' Motion for Entry of a Consent Protective Order. In the course of discovery, the parties will request and exchange information and documents that are or may be of a personal, privileged and/or proprietary nature. The parties have agreed to the entry of this Order to facilitate the production of the information or documents during discovery in this case.

**Therefore**, IT IS HEREBY ORDERED:

### Designation of Confidential Information

1. For purposes of this Order, "Confidential Information" as used herein means any information which is designated by a party as "CONFIDENTIAL" in the manner specified below, in the good faith belief that such information is subject to this Protective Order. For purposes of this Order, Confidential Information includes any proprietary, business, financial, medical and/or personal information

or documents produced in discovery (whether by a party to this action or by a third person pursuant to a subpoena or other court order or process) which are not generally accessible and are designated as "CONFIDENTIAL." "Highly Confidential" as used herein means any information which is designated by a party as "Highly Confidential" in the manner specified below, in good faith belief that such information is subject to this Protective Order. For purposes of this Order, Highly Confidential Information includes any proprietary, business, financial, medical and or personal information or documents produced in discovery (whether by a party to this action or by a third person pursuant to a subpoena or other court order or process) which are not generally accessible and are of such a highly sensitive nature that a Party in good faith believes that such material should be limited to attorneys' eyes only and are designated as "Highly Confidential".

2. The party producing any documents or information subject to this Protective Order shall exercise reasonable discretion and good faith in designating as Confidential Information or Highly Confidential Information only those materials subject to this Order within the scope of the definitions of Confidential Information or Highly Confidential Information in ¶ 1. Moreover, the party shall

2

be obligated to make specific designations to the extent reasonably possible and to avoid overbroad designations.

3. Any party producing documents may designate the documents as Confidential Information by marking each page of said document "CONFIDENTIAL." Alternatively, when producing a multi-page document, all of which it contends is Confidential Information, a party maybe designate the entire document as Confidential Information by marking the cover page "CONFIDENTIAL." For documents that are designated as Highly Confidential Information the parties will follow the same procedures in marking the document as "Highly Confidential."

4. Certain information disclosed at the deposition of any witness, including any party, may be designated as Confidential Information or Highly Confidential Information by indicating on the record at the deposition that the specific testimony is Confidential Information or Highly Confidential Information subject to the provisions of this Order. Alternatively, a party or witness may designate information disclosed at such deposition as Confidential Information or Highly Confidential Information by notifying all parties in writing, within thirty (30) days of receipt of the transcript or other date as agreed upon by the parties, of the specific pages and lines of the transcript which are deemed Confidential

3

Information or Highly Confidential Information. Each party shall attach a copy of such written statement to the face of the transcript and each copy thereof in its possession, custody or control. All depositions shall be treated as Confidential Information for a period of thirty (30) days after a full and complete transcript of the deposition is available or other date as agreed upon by the parties.

**Use of Confidential Information**

5. (a) Confidential Information shall be used only for the purpose of these Court proceedings and shall not be disclosed to any person prior to trial of this action except the following persons:

   i. Any party to this action;

   ii. Counsel for any party, the legal associates, clerical or other support staff of such counsel assisting in the preparation of this action;

   iii. Agents, representatives and employees of either party, as is necessary to prepare this case for litigation;

   iv. Subject to the provisions of ¶ 6 below, independent experts employed by counsel for the purpose of assisting in this action;

v. The court, appellate court, court reporter and courtroom personnel at any deposition, pretrial hearing, or other proceedings held in connection with this action;

vi. Subject to ¶ 6 below, any potential witness as necessary to prepare this case for litigation; provided, that no such person shall be permitted to maintain a copy of any document designated as Confidential Information; and that no Confidential Information may be disclosed to any person under the paragraph until such person has read and signed a copy of this Order, thereby indicating his/her willingness to be bound by its provisions, which shall be maintained in confidence by the disclosing party subject to any order of disclosure of the court; and

vii. Any other person or entity to whom the Court orders or allows disclosure after notice and opportunity for hearing.

(b) Highly Confidential Information shall only be used for the purpose of these court proceedings. This information is of such a sensitive nature that it is intended for "attorneys' eyes only" and will not be disclosed to the parties or any other person prior to trial of

5

this action except as follows. Counsel for the parties have agreed to this provision without having reviewed documents the other party may designate as Highly Confidential Information in order to avoid delays in discovery. The parties specifically reserve the right to challenge any such designation in the event that they determine that the substance of the document is of such a nature that they need for their clients to review it with them in order to complete discovery in this action.

    i. Counsel for any party, the legal associates, clerical or other support staff of such counsel assisting in the preparation of this action;

    ii. Subject to the provisions of ¶ 6 below, independent experts employed by counsel for the purpose of assisting in this action;

    iii. Subject to ¶ 7 below the court, appellate court, court reporter and courtroom personnel at any deposition, pretrial hearing, or other proceedings held in connection with this action;

    iv. Subject to ¶ 6 and 9 below, any potential witness as necessary to testify at trial; provided, that no such person shall be permitted to maintain a copy of or make notes from any

document designated as Highly Confidential Information; and that no Highly Confidential Information may be disclosed to any person under this paragraph until such person has read and signed a copy of this Order, thereby indicating his/her willingness to be bound by its provisions, which shall be maintained in confidence by the disclosing party subject to any order of disclosure of the court.

**<u>Non-Disclosure of Confidential Information</u>**

6. Subject to ¶ 7, no person to whom Confidential Information or Highly Confidential Information is disclosed prior to trial shall disclose such Confidential Information or Highly Confidential Information to any person to whom disclosure is not authorized by the terms hereof, or make any other disclosure of such Confidential Information or Highly Confidential Information for any purpose. The disclosing party shall have the obligation to inform the person to whom Confidential Information or Highly Confidential Information is disclosed of the terms of this Order and to maintain records identifying all such persons to whom information has been disclosed; provided, however, the disclosing party shall have no obligation to disclose such records to the opposing party or any other person unless ordered to do so by the Court.

**Information Filed with the Court**

7. Any Confidential Information or Highly Confidential Information obtained during discovery which is filed with the Court prior to trial shall be filed under SEAL in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of this action, an indication of the nature of the contents of such sealed envelope or other container, and the words "CONFIDENTIAL – SEALED BY COURT ORDER." The envelope or container shall not be opened without further order of the Court. This provision shall not apply to any filing or presentation of documents or information at trial, or to the inclusion of such documents or information in the record to an appellate court after trial.

**General Conditions**

8. In the event that a party disputes the propriety of the designation of any material or information as Confidential Information or Highly Confidential Information, that party may file a motion with the Court at any time during or at the conclusion of this action, requesting a ruling regarding whether the material or information should be treated as Confidential Information or Highly Confidential Information for purposes of this Protective Order. No party shall be obligated to challenge the propriety of any designation of information as

8

Confidential Information or Highly Confidential Information and a failure to do so shall not preclude a subsequent attack on the propriety of such designation.

9. This Protective Order shall not apply to the use of Confidential Information or Highly Confidential Information at the trial of this matter, and all parties reserve the right to seek further protection from the Court regarding the use of Confidential Information or Highly Confidential Information at trial. Nothing in this Protective Order shall be construed to require any party to notify or to obtain permission from other parties before introducing materials designated as Confidential Information at trial or examining witnesses about materials designated as Confidential Information during depositions or at trial, beyond the notice required by the Rules of Civil Procedure, local court rules or order of the Court. With respect to Highly Confidential Information the parties will notify the other party twenty-four hours in advance of its intended use at deposition or at trial unless otherwise permitted to do so without such notice by the Court.

10. Nothing in the foregoing provisions of this Protective Order shall be deemed to waive any privilege or other legal protection, or to preclude any party from withholding from production any information or documents protected from discovery by statute or privilege. In addition, nothing in the foregoing provisions

of this Protective Order and no action by a party in accordance with this Protective Order shall be deemed to waive any right to challenge any designation by the opposing party at any time, and neither party shall be precluded from claiming that any matter designated hereunder is not entitled to protection, or is entitled to a more limited form of protection than designated.

11. Within sixty (60) days after the final termination of litigation, and subject to further orders of this or any other Court of competent jurisdiction, all documents designated as Confidential Information or Highly Confidential Information, including copies thereof and any extracts, summaries, compilations, charts or graphs taken therefrom, but excluding any materials which in good faith judgment of counsel are work product materials, shall be returned to counsel for the furnishing party or destroyed and their destruction certified by counsel; provided, counsel shall be permitted to maintain a file copy of all the documents, subject to the provisions of ¶ 12 below. For purposes of this paragraph, "final termination" shall mean the final termination of all litigation in any court between the parties to and concerning the facts underlying this action.

12. Following final termination of this action, and subject to further orders of this or any other Court of competent jurisdiction, the provisions of this Order relating to Confidential Information shall remain in full force and effect and

10

Case 5:11-cv-00185-RLV-DCK   Document 16   Filed 08/31/12   Page 10 of 12

continue to be binding. The Court retains jurisdiction over all persons provided access to Confidential Information or Highly Confidential Information for enforcement of the provisions of this Order following termination of this action.

13. The parties have agreed to the terms of this Protective Order to avoid delays in this litigation. Nevertheless, in agreeing to the above terms, and specifically, in failing to challenge any designation by the opposing party of documents and information as Confidential Information or Highly Confidential Information, neither party waives the right to contest or challenge the opposing party's designation at any time during the litigation, at trial, or upon final termination of this action; and in the event that either party raises issues with respect to the opposing party's designation at any time, the Court shall independently and *de novo*, determine, without regard to the party's earlier designation, whether the documents or information are entitled to continued protection.

IT IS SO ORDERED.

Signed: August 31, 2012

David C. Keesler
United States Magistrate Judge

CONSENTED TO:

| **Counsel for Plaintiff** | **Counsel for Defendant** |
|---|---|
| s/Robert M. Elliot | s/Richard L. Rainey |
| NC Bar Number 7709 | NC Bar Number 14278 |
| Elliot Pishko Morgan, P.A. | Womble Carlyle Sandridge & Rice, LLP |
| 426 Old Salem Road | Suite 3500 One Wells Fargo Center |
| Winston-Salem, NC 27101 | 301 S. College St. |
| Phone: (336) 724-2828 | Charlotte, NC 28202 |
| E-mail: rmelliot@epmlaw.com | Phone: (704) 331-4967 |
| | E-mail: rrainey@wcsr.com |